**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **RUBEN GUERRERO** | § |
| | § |
| **V.** | §   A-22-CV-106-LY |
| | § |
| **BOBBY LUMPKIN** | § |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules. Before the Court are Petitioner Ruben Guerrero's Petition for Writ of Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1), Respondent's Answer (Document 9); and Petitioner's reply (Document 12). Petitioner, proceeding *pro se*, was granted leave to proceed *in forma pauperis*. For the reasons set forth below, the undersigned finds that Petitioner's petition for writ of habeas corpus should be dismissed.

**STATEMENT OF THE CASE**

The Director has custody of Petitioner pursuant to a judgment and sentence of the 147th Judicial District Court of Travis County, Texas, in cause number D-1-DC-09-300784 for assault family violence for which Petitioner was sentenced to 65 years confinement.

Petitioner does not challenge his holding conviction. Rather, he challenges a July 2021 vote of the Texas Board of Pardons and Paroles (the "Board").

Previously, in July 2020, the Board voted FI-5 during Petitioner's parole review. Pursuant to this FI-5 vote, Petitioner was to be transferred to an In-Prison Therapeutic Community ("IPTC") program and possibly released to an aftercare component upon completion of the program. On August 24, 2020, the Board withdrew the vote because Petitioner refused to participate. Petitioner challenged the 2020 vote in a petition for writ of habeas corpus filed in Cause No. A-21-CV-938-LY. On March 8, 2022, the petition was denied in part and dismissed in part. Specifically, to the extent Petitioner challenged his parole vote in 2020, the Court denied the petition, and to the extent Petitioner challenged the conditions of his confinement, the Court dismissed the petition without prejudice to filing a civil-rights complaint.

On July 22, 2021, the Board again voted FI-5 during Petitioner's parole review. Petitioner challenges the Board's 2021 parole vote and the conditions of his confinement while in the IPTC program. Petitioner complains the Board's persistence on Petitioner completing a program before being released on parole is harassment and retaliation. Petitioner insists that treatment for substance abuse violates his freedom of religion and is beyond the range of permissible punishment. He further claims the imposition of treatment for substance abuse violates the Double Jeopardy Clause and his rights to due process and equal protection. Petitioner requests the Court to order the termination or elimination of the FI-5 condition and a parole hearing with adequate representation.

Petitioner indicates he presented the same claims in a state application for habeas corpus relief. The Texas Court of Criminal Appeals denied the application without written order on January 5, 2022. *Ex parte Guerrero*, Appl. No. 76,230-16.

Respondent contends Petitioner's federal petition is moot because he was paroled on April 11, 2022 . He argues the Court lacks jurisdiction because there is no longer an actual case or controversy for the Court to resolve. Respondent asserts Petitioner is no longer subject to the conditions of which he complained in his petition because he has been released on parole. He additionally concludes there is nothing Petitioner can gain from an additional parole hearing.

Petitioner contends he was ineligible for a second FI-5 parole vote because he previously refused to participate in the IPTC program. Additionally, he asserts he was never accused, charged, or convicted of a drug-related offense. Petitioner complains he was subjected to seven months in a six-month IPTC program and was then released to a therapeutic community for 60-90 days with the same rules, schedule, and subject matter. Petitioner asserts he will be subjected to AA/NA substance abuse aftercare. In addition, he asserts, if he violates his parole, he could be sent to an Intermediate Sanctions Facility.

## DISCUSSION AND ANALYSIS

Article III, § 2, of the Constitution limits federal court jurisdiction to actual cases and controversies. *Spencer v. Kemna*, 523 U.S. 1, 7(1998). Under the case-or-controversy requirement, "[t]o invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). The Supreme Court has explained that the case-or-controversy requirement subsists through all stages of federal judicial proceedings. *Spencer*, 523 U.S. at 7. "The parties must continue to have a personal stake in the outcome of the lawsuit." *Id.* (internal quotation marks and citation omitted) "A case becomes moot only when it is impossible

for a court to grant any effectual relief whatever to the prevailing party." *Heredia-Holguin*, 823 F.3d at 340 (internal quotation marks and citation omitted).

In this case, the Court cannot order Respondent to withdraw the FI-5 vote or order a hearing regarding the vote, as Petitioner has already been released on parole. Thus, the claims Petitioner raises in his current petition are moot.

In his reply, Petitioner may be attempting to raise new claims challenging the conditions imposed upon him at the time of his release on parole on April 11, 2022. However, those claims were not ripe at the time he filed his original petition, and he has not exhausted his state court remedies on those claims.

## RECOMMENDATION

The undersigned **RECOMMENDS** that the Court **DISMISS WITHOUT PREJUDICE** Petitioner's petition for writ of habeas corpus as moot to the extent he challenges the Board's vote in 2021 and his confinement in the IPTC program and for failure to exhaust his state court remedies to the extent he raises new claims challenging his current conditions of parole.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the rules governing 2254 cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. *Id.* § 2253(c)(2). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C.

§ 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

**SIGNED** on July 7, 2022.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE